# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Clarice Bailey,**
**Plaintiff Below, Petitioner**

**vs)  No. 15-0517** (Mercer County 14-C-360)

**Bluefield Hospital Company, LLC,**
**d/b/a Bluefield Regional Medical Center,**
**a West Virginia Limited Liability Company,**
**Defendant Below, Respondent**

**FILED**

**April 8, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Clarice Bailey, by counsel David M. Dawson, appeals the order of the Circuit Court of Mercer County, entered May 4, 2015, that granted Respondent Bluefield Hospital Company, LLC's motion to dismiss petitioner's medical professional liability action. The circuit court found that petitioner failed to comply with the Medical Professional Liability Act ("MPLA"), West Virginia Code §§ 55-7B-1 to -12, in filing that action. Respondent, by counsel W.E. Sam Fox, II, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent does business as Bluefield Regional Medical Center ("BRMC"). Petitioner was admitted for treatment at BRMC on January 21, 2012, and discharged on February 5, 2012. Petitioner claims that following a procedure performed by Thomas E. Miller, M.D. ("Dr. Miller") at BRMC during her hospitalization, she suffered a serious condition that required surgical intervention.

Prior to filing the instant medical professional liability action, petitioner's counsel avers that he "conducted a diligent pretrial investigation to identify the defendants in this matter." During that investigation, counsel claims he discovered on the West Virginia Secretary of State's website that "Health Services of the Virginias, Inc." was BRMC's parent company. That finding was incorrect. At the time of petitioner's 2012 admission to BRMC, respondent owned BRMC.

On January 21, 2014, petitioner's counsel provided a notice of claim to Dr. Miller and to "Health Services of the Virginias, Inc. d/b/a [BRMC] c/o [Attorney] Jill C. Rice." The notice of claim provided that pursuant to the MPLA, West Virginia Code § 55-7B-6(h)(2), the statute of

1

limitations would be tolled, and petitioner would provide a medical expert's certificate of merit within sixty days. Petitioner did not send a notice of claim to respondent.

On February 21, 2014, Attorney Jill C. Rice faxed a letter to petitioner's counsel informing him that Health Services of the Virginias, Inc. was not a proper party to petitioner's claim because it had sold substantially all of its assets to respondent in October of 2010 and, therefore, did not own BRMC at the time of petitioner's 2012 admission to BRMC. Petitioner's counsel avers that, in response, he again searched the West Virginia Secretary of State's website where he discovered "another filing" indicating that respondent was now the parent company of BRMC.

More than a month later, on March 24, 2014, petitioner's counsel sent Health Services of the Virginias, Inc., Dr. Miller, and respondent a medical expert's certificate of merit. Also on March 24, 2014, petitioner's counsel sent respondent a *copy* of the January 21, 2014, notice of claim that had been sent to *Health Services of the Virginias, Inc.*, and a letter indicating that the notice of claim was mistakenly sent to Health Services of the Virginias, Inc., and was now being sent to respondent for its review.

On March 26, 2014, Dr. Miller replied to petitioner's notice of claim and requested additional records. On May 8, 2014, Dr. Miller sent petitioner an affidavit in which he averred that he was never notified of petitioner's post-procedure complications.

On May 15, 2014, petitioner filed this MPLA action against respondent and Health Services of the Virginias, Inc.; petitioner did not name Dr. Miller as a defendant.

On June 19, 2014, Health Services of the Virginias, Inc. and respondent each filed a motion to dismiss petitioner's complaint. Health Services of the Virginias, Inc. argued that it was not a proper party to the action given that it did not own BRMC at the time of petitioner's alleged injury; that petitioner failed to provide a certificate of merit to Health Services of the Virginias, Inc.; and that petitioner failed to file her complaint within the applicable statute of limitations. Respondent argued that the circuit court lacked subject matter jurisdiction over it because petitioner failed to timely provide a notice of claim against respondent as required by the MPLA, West Virginia Code § 55-7B-6.

Following a hearing on the motions to dismiss, the circuit court, by order entered April 22, 2015, granted Health Services of the Virginias, Inc.'s motion to dismiss on the ground that it did not own or operate BRMC at the time of petitioner's alleged injury. Thereafter, by order entered May 4, 2015, the circuit court granted respondent's motion to dismiss. The circuit court found that, in violation of the MPLA, petitioner's counsel failed to provide respondent with a notice of claim prior to the running of the applicable statute of limitations and, therefore, the court did not have subject matter jurisdiction over the allegations asserted against respondent in petitioner's complaint.[1]

---

[1] Petitioner's counsel filed a notice of appeal with this Court on May 22, 2015, attached to which were both the April 22, 2015, order granting Health Services of the Virginias, Inc.'s (continued …)

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is de novo." Syl. Pt. 1, *Appalachian Reg'l Healthcare, Inc. v. W.Va. Dep't of Health & Human Res.*, 232 W.Va. 388, 752 S.E.2d 419, 421 (2013) (quoting Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995). "This same standard applies to [the] study of the lower court's interpretation of the MLPA." *Elmore v. Triad Hosps., Inc.*, 220 W.Va. 154, 158, 640 S.E.2d 217, 221 (2006).

Petitioner raises two assignments of error on appeal. Petitioner first argues that the trial court erred in finding that the notice of claim petitioner sent to Dr. Miller did not satisfy the notice of claim requirement with regard to respondent. Specifically, petitioner argues that because Dr. Miller maintained an office at BRMC, he was respondent's "agent." Based on this assumption, petitioner contends that the notice of claim petitioner sent to Dr. Miller was tantamount to a notice of claim to respondent.

Petitioner's counsel's argument with regard to this assignment of error, in its entirety, is a scant two sentences. Moreover, neither of those sentences cite to any legal authority in support of the claim that Dr. Miller was petitioner's agent because he maintained an office at BRMC.[2] Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that a brief to this Court "must contain an argument exhibiting clearly the points of fact and law presented . . . and citing the authorities relied on. . . ." *See also WV Dep't of Health & Human Res. Emp. Fed. Credit Union v. Tennant*, 215 W.Va. 387, 389, 599 S.E.2d 810, 812 (2004) ("An appellant must carry the burden of showing error in the judgment of which he complains. . . . Error will not be presumed, all presumptions being in favor of the correctness of the judgment.") (quoting Syl. Pt. 5, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966)). Clearly, petitioner has failed to carry her burden of showing error in the judgment of which she complains.

That said, we find that the circuit court did not err in dismissing petitioner's action against respondent. The MPLA, West Virginia Code § 55-7B-6(b) requires that

> [a]t least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return

---

motion to dismiss, and the May 4, 2015, order granting respondent's motion to dismiss. In that notice of appeal, petitioner's counsel indicated that petitioner would assign error to both orders. However, in petitioner's brief to this Court, counsel failed to state which order was being appealed or to assign error to the April 22, 2015, order which granted Health Services of the Virginias, Inc.'s motion to dismiss. Thereafter, on October 21, 2015, Health Services of the Virginias, Inc. filed a summary response which included a motion to dismiss it from this appeal. The Court granted that motion on November 3, 2015.

[2] Petitioner's counsel does cite to *Burless v. WVU Hospitals, Inc.*, 215 W.Va. 765, 601 S.E.2d 85 (2004); however, he fails to state the facts or the holding in that case, or to explain why the Court should rely upon *Burless* in this appeal. We note that *Burless* does not address, in any manner, whether service of a notice of claim on a physician who maintains an office at a hospital is also service of a notice of claim against the hospital.

receipt requested, a notice of claim on *each health care provider the claimant will join in litigation*. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a *list of all health care providers and health care facilities to whom notices of claim are being sent*, together with a screening certificate of merit.

(Emphasis added.) Here, petitioner's counsel failed to serve a notice on each health care provider that petitioner intended to join in litigation because petitioner's counsel never sent respondent a notice of claim directed to respondent. Instead, petitioner's counsel belatedly sent respondent a copy of Health Services of the Virginias, Inc.'s notice of claim. Further, neither the notice of claim sent to Health Services of the Virginias, Inc. nor the one sent to Dr. Miller lists respondent as one of the health care facilities to whom a notice of claim was being sent. The MPLA provides that "no person may file a medical professional liability action against any health care provider without complying with the provisions of [W.Va. Code §55-7B-6]." W.Va. Code §55-7B-6(a). Thus, because petitioner's counsel never sent respondent a notice of claim directed to respondent, the circuit court properly dismissed respondent from petitioner's medical professional liability action.

Petitioner's second and final assignment of error is that the trial court erred in dismissing respondent from petitioner's action without first considering whether the purposes of the MPLA had been met in this case, i.e., preventing the filing of frivolous claims and promoting pre-suit resolution. West Virginia Code § 55-7B-4 provides that an MPLA action must be "commenced within two years of the date of [the claimant's] injury." However, pursuant to West Virginia Code § 55-7B-6(h), the statute of limitations may be tolled as follows:

[A]ny statute of limitations applicable to a cause of action against a health care provider upon whom notice was served for alleged medical professional liability shall be tolled from the date of mail of a notice of claim to thirty days following receipt of a response to the notice of claim, thirty days from the date a response to the notice of claim would be due, or thirty days from the receipt by the claimant of written notice from the mediator that the mediation has not resulted in a settlement of the alleged claim and that mediation is concluded, whichever last occurs.

Petitioner was released from BRMC on February 5, 2012. Thus, absent any tolling of the MPLA's two-year statute of limitations, it expired, at the latest, on February 5, 2014, or two years from the date petitioner was released from BRMC. Here, the statute of limitation was not tolled because petitioner's counsel failed to serve respondent with a notice of claim pursuant to West Virginia Code § 55-7B-6(h). Consequently, petitioner's MPLA action, which was filed on May 15, 2014, was filed more than three months after the statute of limitations had expired. Therefore, we conclude that the circuit court did not err in finding (1) that petitioner failed to provide respondent with a notice of claim prior to the running of the applicable statute of limitations, and (2) that, as a result, it did not have subject matter jurisdiction over the allegations asserted against respondent in petitioner's complaint. Accordingly, the circuit court did not err in dismissing petitioner's claims against respondent without first considering whether the purposes of the MPLA had been met in this case.

4

For the foregoing reasons, we affirm the May 4, 2015, order granting respondent's motion to dismiss.

Affirmed.

**ISSUED:  April 8, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II